RAÚL B. MANES HORTA y OTROS, demandantes y recurridos, *v.* CONSTRUCTORA GUAYANÉS, INC., y OTROS, demandados y recurrentes.

*Número:* R-79-67     *Resuelto:* 20 de octubre de 1981

*Berríos & Menéndez,* abogados de las recurrentes Constructora Guayanés, Inc. y las Águilas Development Corp.; *Agustín Mangual Hernández* y *Osvaldo Pérez Marrero,* abogados de los demandantes; *Pedro J. Polanco* de *Fidler, González & Rodríguez,* abogado del recurrido Carlos Meléndez Ramos.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

Las Águilas Development Corporation ("Las Águilas" y "la dueña-contratista-vendedora") realizó las gestiones pertinentes para construir una urbanización colindante en parte con el río Coamo. Seleccionó al señor Carlos Meléndez Ramos ("el arquitecto") para confeccionar los planos, efectuó otros acuerdos y escogió a Constructora Guayanés, Inc. ("Guayanés" y "la dueña-contratista-vendedora") para llevar a cabo la obra. En el curso de la construcción Guayanés adquirió todas las acciones de Las Águilas. El diseño del arquitecto fue alterado en la etapa de la construcción por la dueña-contratista-vendedora.

En octubre de 1970, vendidas ya las casas y en ocasión de fuertes lluvias, parte de los terrenos de los demandantes fueron arrastrados por la corriente del río Coamo. Los dueños de las viviendas demandaron por negligencia a Las Águilas, a Guayanés, al arquitecto y a otros. El tribunal, en sentencia parcial, declaró con lugar la demanda, excepto contra el arquitecto. No se ha ventilado aún la cuestión de los posibles daños. Guayanés y Las Águilas recurrieron. Expedimos el auto correspondiente.

Las recurrentes argumentan que Las Águilas y Guayanés no deben considerarse una misma entidad a los fines presentes, ya que la segunda adquirió las acciones de la primera después de comenzada la construcción. El planteamiento es inmeritorio. Guayanés adquirió todas las acciones de Las Águilas, sin que haya alegado y mucho menos probado que no asumió al hacerlo todas sus obligaciones. Por tratarse de una misma entidad, una sola dueña-contratista-vendedora, *Pereira* v. *I.B.E.C.*, 95 D.P.R. 28 (1967), no es necesario que nos adentremos en el problema de la co-construcción. *Acevedo Hernández* v. *C.R.U.V.*, 110 D.P.R. 655 (1981).

La dueña-contratista-vendedora alega principalmente que no puede imputársele responsabilidad porque el desli-

zamiento de los solares se debió a fuerza mayor. Tampoco es meritorio este planteamiento.

El Art. 1058 (31 L.P.R.A. sec. 3022) del Código Civil dispone:

> Fuera de los casos expresamente mencionados en la ley, y de los en que así lo declare la obligación, nadie responderá de aquellos sucesos que no hubieran podido preverse, o que previstos, fueran inevitables.

En *Rivera* v. *Caribbean Const. Corp.*, 100 D.P.R. 106, 118–119 (1971), discutimos *in extenso* el significado de este artículo, en el contexto de una demanda por inundación de unas casas en una urbanización. El urbanizador argumentaba que los daños no se debían a vicios de construcción del alcantarillado pluvial, sino a lluvias inusitadamente fuertes. Afirmamos:

> . . . puede concluirse que los fenómenos naturales no siempre eximen de responsabilidad a título de caso fortuito o fuerza mayor pues para calificarlos de eximentes de responsabilidad, o de no eximentes, es necesario considerar las otras circunstancias que concurren en cada caso, como por ejemplo, el carácter frecuente o probable del fenómeno, o por el contrario su carácter inopinado o insólito; si se tomaron las medidas que aconseja la prudencia y la ciencia para evitar el daño. . . .

Véanse: *Barrientos* v. *Gob. de la Capital*, 97 D.P.R. 552 (1969); *De Jesús* v. *Ponce Housing Corp.*, 104 D.P.R. 885 (1976); R. Badenes Gasset, *El Riesgo Imprevisible*, Barcelona, Ed. Bosch, 1946, pág. 103; F. Soto Nieto, *El Caso Fortuito y la Fuerza Mayor*, Barcelona, Ed. Nauta, 1965, *passim*.

La prueba desfilada sostiene el fallo del tribunal de instancia. Las inundaciones podían haber sido previstas y evitadas. En el sector concernido del río Coamo habían ocurrido en los quince años anteriores a la obra seis inundaciones de igual intensidad y volumen de agua que la que causó los daños. La dueña-contratista-vendedora agravó la

situación al invadir el propio cauce del río y colocar allí una hilera de casas. Agrandó y vendió así los solares sin canalizar el río, proveer la franja de seguridad que exige la Junta de Planificación o tomar otras precauciones fuera de sembrar yerba en los taludes. No puede invocarse la fuerza mayor en caso tan claro de negligencia crasa.

La dueña-contratista-vendedora alega, no obstante, que de existir responsabilidad le corresponde al arquitecto. No tiene razón. La prueba demuestra que Las Águilas y Guayanés alteraron el diseño original, aumentaron el tamaño de los solares afectados hasta invadir el cauce del río, extendieron los patios hasta el borde del talud y redujeron el tamaño de los tubos de desagüe. El arquitecto no supervisó la obra, por lo que no es necesario considerar si existe base para la responsabilidad *in solidum* en este caso. Véase: Mazeaud y Mazeaud, *Traité de la Responsabilité Civile*, 6ta ed. (por A. Tunc), Paris, Ed. Montchrestien, 1970, par. 1070-17.

■ Se alega, por último, que no procede extender a este caso la responsabilidad decenal, ya que solo los solares y no las viviendas sufrieron daños. Los solares, según las recurrentes, no constituyen "edificios" dentro del significado del Art. 1483 del Código Civil. En *Federal Ins. Co.* v. *Dresser Ind., Inc.*, 111 D.P.R. 96 (1981), señalamos la ampliación que ha sufrido la voz "edificio", extendiéndose la responsabilidad decenal a la construcción de carreteras, campos de deportes y otros inmuebles análogos. Véanse, además, G. Liet-Veaux, *Le Droit de la Construction*, 5ta ed., Paris, Ed. Celse, 1978, pág. 342; R. Saint-Alary, *Droit de la Construction*, Paris, Presses Universitaires de France, 1977, págs. 602–603. Es innecesario resolver tal cuestión en este pleito, sin embargo, pues la sentencia parcial dictada encuentra apoyo en la responsabilidad civil generada por la violación en este caso al Art. 1802 del Código Civil, sin que se haya argumentado ni exista aquí problema alguno de prescripción.

*Por las razones expuestas, se confirma la sentencia parcial emitida y se devuelve el caso a instancia para procedimientos ulteriores.*

Los Jueces Asociados Señores Dávila e Irizarry Yunqué se inhibieron.